UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CRAIG WILKINS,                                  :

                                                      Plaintiff,        :           ORDER
                                                :
     -v.-
                                                :           20 Civ. 543 (GWG)
                                                :
SPECIALIZED LOAN SERVICING, LLC,
                                                :
                    Defendant.
                                                :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

       With regard to the application to reopen discovery made in Docket # 26, the request is denied. While plaintiff cites case law from outside the Circuit as to the law governing the re-opening of discovery, we instead look to case law within this Circuit. Judge Mann has aptly summarized the applicable law:

> Where, as here, a scheduling order has been entered by the Court pursuant to Rule 16(b) of the FRCP, the court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). It is the movant's burden to establish good cause. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000); Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co., No. 02 Civ. 1230, 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006). "Whether good cause exists turns on the diligence of the moving party." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations and citations omitted); see Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (collecting cases).
>
> With respect to a request to extend discovery, the moving party must show why it could not have completed the necessary discovery within the time frame established under the existing scheduling order. See Carlson v. Geneva City Sch. Dist., 277 F.R.D. 90, 95 (W.D.N.Y. 2011) (holding that defendants established good cause to extend discovery in order to conduct plaintiff's deposition where defense counsel made sufficient efforts to schedule her deposition prior to the close of discovery); cf. Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (upholding denial of further discovery where the party "had ample time in which to pursue the discovery that it now claims is essential"). "In other words, an application to reopen discovery should

be denied where the moving party 'has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline.'" Gotlin v. Lederman, No. 04–CV–3736 (ILG) (RLM), 05–CV–1899 (ILG) (RLM), 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007) (quoting Gavenda v. Orleans Cnty., No. 95–CV–0251E, 1996 WL 377091, at *1 (W.D.N.Y. June 19, 1996)) (collecting cases), adopted, 2007 WL 2088875 (E.D.N.Y. July 19, 2007); accord Lufthansa Cargo AG v. Total Airport Servs., Inc., No. 12–CV–4869, 2014 WL 5426575, at *3 (E.D.N.Y. Oct. 24, 2014).

Baburam v. Fed. Express Corp., 318 F.R.D. 5, 7 (E.D.N.Y. 2016)

Not only has plaintiff failed to show it was "impossible" to complete discovery by the deadline, plaintiff has not shown he made any effort at all to complete discovery by that deadline. Counsel has been on this case since December 2021 and prior to the February 17, 2022, discovery deadline made no application to the Court to cure deficient answers and made no request to the defendant for the discovery he now apparently seeks. Plainly, plaintiff has not shown "diligence" of any kind.[1]

The deadline for the filing of any summary judgment motion is April 21, 2022.

SO ORDERED.

Dated: New York, New York
       April 7, 2022

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] While it is not even germane to our analysis, we note that plaintiff's application does nothing to explain why defendant's "policies and procedures on telephone communications with borrowers" or "standards in addressing loan disputes via the phone" are relevant to this action. Either the interactions with plaintiff violated federal law or they did not, and the defendant's own policies cannot alter whatever standard is required by law. As for deposing the "phone operators" who allegedly "harassed" plaintiff, plaintiff is capable of testifying to these conversations and it is thus not critical that he depose these phone operators.