```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                    :
CRAIG WILKINS,
                                                    :
                Plaintiff,                              MEMORANDUM ORDER
                                                    :
        -v.-                                            20 Civ. 543 (GWG)
                                                    :

SPECIALIZED LOAN SERVICING, LLC,                    :

                Defendant.                          :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Defendant Specialized Loan Servicing, LLC ("SLS") has moved to amend its answer pursuant to Fed. R. Civ. P. 15.[1] SLS seeks to amend its answer in two ways. First, SLS seeks to amend paragraph 19 of its answer, which admitted the allegations in paragraph 19 of the complaint, to instead reflect a denial. See Def. Ltr. at 3. Second, SLS seeks to amend its answer to include a statute of limitations defense to Wilkins' claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. See Def. Ltr. at 2-3. For the following reasons, SLS's motion is granted.

Rule 15 of the Federal Rules of Civil Procedure provides that a court should "freely give leave [to amend] when justice so requires." "The Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits." Monahan v. N.Y.C. Dep't of Corr.,

---

[1] See Letter from Robert J. Brener, filed May 14, 2022 (Docket # 38) ("Def. Ltr."); Letter from Wynton Sharpe in Opposition, filed May 23, 2022 (Docket # 41) ("Pl. Ltr."); Letter from Robert J. Brener, filed May 27, 2022 (Docket # 42).

214 F.3d 275, 283 (2d Cir. 2000) (internal citation omitted).  Leave to amend should be granted "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility."  Id.  Prejudice results if an amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017) (punctuation omitted).

Paragraph 19 of the complaint alleges that "[a]ny certification of a permissible purpose to any credit reporting agency was false."  See Complaint, filed Jan. 17, 2020 (Docket # 1) ("Comp."), ¶ 19.  Paragraph 19 of SLS's answer admits this allegation.  See Answer, filed Mar. 2, 2020 (Docket # 5), ¶ 19.  SLS states that this was a "scrivener's error" and was obvious in light of denials made in other paragraphs of the answer.  Pl. Ltr. at 3-4.  In response, plaintiff does not identify any prejudice that would result from the amendment.  Nor could he, given that the admission was plainly an error in light of SLS's denial of the allegation that it had "falsely represented to one or more consumer reporting agencies that it had a permissible purpose to obtain the Plaintiff's credit report."  See Comp. ¶ 17; Answer ¶ 17.  Thus, Wilkins has always been on notice that SLS was not admitting that it certified a false purpose to a credit reporting agency in order to obtain Wilkins' credit report.

As to the amendment to add the statute of limitations defense, we begin by noting that this request is unnecessary inasmuch as SLS has advanced a statute of limitations argument in support of its motion for summary judgment.  See Memorandum of Law in Support of Motion for Summary Judgment, filed Apr. 21, 2022 (Docket # 31-2), at 18-19.  "[C]ourts in this circuit may consider the merits of an affirmative defense raised for the first time in a summary-

judgment motion so long as the plaintiff has had an opportunity to respond." Kelly v. A1 Tech., 2010 WL 1541585, at *17 (S.D.N.Y. Apr. 12, 2010) (punctuation omitted); accord Curry v. City of Syracuse, 316 F.3d 324, 330-31 (2d Cir. 2003) (permitting consideration of collateral estoppel defense raised for first time in reply memorandum of summary judgment briefing, where district court had given plaintiff leave to file sur-reply). Wilkins has been given an opportunity to oppose the merits of SLS's statute of limitations defense and indeed has done so. See Reply Memorandum of Law, filed May 20, 2022 (Docket # 40) ("Pl. Reply"), at 6-8; Pl. Ltr. at 2.

In any event, leave to amend is granted because plaintiff has shown no undue delay or prejudice from the amendment. As SLS points out, it did not raise a statute of limitations defense in its answer because Wilkins' complaint did not reference any calls taking place more than one year prior to the filing of the complaint or otherwise indicate that Wilkins sought recovery for such calls. See Def. Ltr. at 1-2. Wilkins does not contest this point. Instead, he argues only that such calls nevertheless remain actionable under the "continuing violation doctrine," Pl. Ltr. at 2, an argument he made at length in support of his summary judgment motion, see Pl. Reply at 6-8. Additionally, Wilkins does not identify any prejudice he would suffer as a result of granting leave to amend other than his assertion that it would "halt the summary judgment proceedings." Pl. Ltr. at 2. In fact, the amendment would have no effect on the summary judgment proceedings because the parties have fully presented their arguments as to whether the statute of limitations bars any of Wilkins' claims.

Accordingly, SLS's application to amend is granted. It is unnecessary for SLS to actually file an amended answer because the Court hereby deems the existing answer (Docket # 5) to be amended to make the two changes discussed herein.

SO ORDERED.

Dated: August 23, 2022
      New York, New York

                                                                           GABRIEL W. GORENSTEIN
                                                                           United States Magistrate Judge